UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BIRD,<br><br>             Plaintiff,<br><br>   vs.<br><br>P. MITCHELL, et al.,<br><br>             Defendants. | 1:15-cv-00641-AWI-GSA-PC<br>[Madera County Superior Court Case No. MCV069617]<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE REMANDED TO MADERA COUNTY SUPERIOR COURT<br>(Doc. 2.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

**I.    BACKGROUND**

This is a civil action filed by plaintiff Michael Bird ("Plaintiff"), a state prisoner proceeding pro se. This action was initiated by civil Complaint filed by Plaintiff in the Madera County Superior Court on February 13, 2015 (case #MCV069617). On April 23, 2015, defendants Malakkla and Mitchell ("Defendants") removed the case to federal court by filing a Notice of Removal of Action pursuant to 28 U.S.C. § 1441(a).  (Doc. 2.)

**II.   PLAINTIFF'S ALLEGATIONS IN THE COMPLAINT**

Plaintiff is presently incarcerated at Corcoran State Prison in Corcoran, California. The events at issue in the Complaint allegedly occurred at Valley State Prison (VSP) in Coalinga, California, when Plaintiff was incarcerated there. Plaintiff names as defendants P. Mitchell (VSP Medical Appeals Coordinator), Dr. Malakkla (Supervisor of VSP Medical Appeals),

California Correctional Health Care Services, and the California Department of Corrections and Rehabilitation.  Plaintiff's factual allegations follow, in their entirety:

> "On June 02, 2014, Plaintiff filed a Health Care Appeal Staff complaint at Valley State Prison.  Plaintiff received no Log number nor was it prossessed (*sic*) by Health Care Appeals.  On July 02, 2014, Plaintiff refiled the Staff complaint with Valley State Prison's Health Care Appeals, and was Loged (*sic*) on July 17, 2014 LOG No. VSP HC 14002749.  On September 11, 2014, Plaintiff filed Health Care Appeal Log No. VSP HC 14002962 about the delay in Appeal Log No. VSP HC 14002749.  Plaintiff did not receive a responce (*sic*) from the Second Level till November 26, 2014, well past the deadline given in the California Code of Regulations."   (Complaint, Doc. 2 at 6-7 ¶¶V.9-12.)

### III.  REMOVAL AND REMAND

Under 28 U.S.C. § 1441(a), a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a). Federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Removal of an action under 28 U.S.C. § 1441(b) depends solely on the nature of the plaintiff's complaint, and is properly removed only if "a right or immunity created by the Constitution or laws of the United States [constitutes] an element, and an essential one, of the plaintiff's cause of action." Gully v. First National Bank in Meridian, 299 U.S. 109, 112 (1936). The plaintiff is the master of his or her own complaint and is free to ignore the federal cause of action and rest the claim solely on a state cause of action. Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quotations and citation omitted).

Because of the "Congressional purpose to restrict the jurisdiction of the federal courts on removal," the removal statute is strictly construed against removal.[1]  Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109 (1941); Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009).  Federal jurisdiction "must be rejected if there is any doubt as

---

[1] "At the core of the federal judicial system is the principle that the federal courts are courts of limited jurisdiction."  Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979).

2

to the right of removal in the first instance." Id.; Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Courts "must consider whether federal jurisdiction exists, even if no objection is made to removal, and even if both parties stipulate to federal jurisdiction." Rains v. Criterion Systems, Inc., 80 F.3d 339, 342 (9th Cir. 1996) (citations omitted).

*Well-Pleaded Complaint*

"The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc., v. Williams, 482 U.S. 386, 392 (1987) (internal quotations and citations omitted). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Id.

**IV.   DISCUSSION**

Defendants state that the Complaint for this action alleges "at page 5 of 6 that there was a denial of 'equal protection of the law' and at ¶ 15 a violation of the 'rights to access to the courts,'" conferring original jurisdiction on the district court pursuant to 28 U.S.C. § 1331. (Notice of Removal, Doc. 2 ¶3.)

As stated above, removal of an action under 28 U.S.C. § 1441(b) depends solely on the nature of the plaintiff's complaint. Gully, 299 U.S. at 112. The court has thoroughly reviewed Plaintiff's Complaint and finds no reference to the United States Constitution, treaties, or any federal law. Plaintiff has titled his Complaint a "Complaint Against Violations of California Codes of Regulations, Title 15, Division 3." (Doc. 2 at 4.) Nowhere in the Complaint does Plaintiff specifically refer to the federal Constitution or any of its Amendments, 42 U.S.C. § 1983, federal civil rights, or any other federal law in support of his claims. Plaintiff does refer to his "Constitutional Right of Access to the Court," "due process," and "equal protection of the Law," which are rights protected by the United States Constitution. (Complaint, Doc. 2 at 5:3, 7:17, 8:16.) However, California's Constitution also contains protections of these same rights. Cal. Const. art. 1 §7(a) (A person may not be deprived of life, liberty, or property without due process of law or denied equal protection of the laws); Baba v. Bd. Of Sup'rs of

City and Cnty of San Francisco, 124 Cal. App. 4th 504, 525, 21 Cal. Rptr. 3d 428, 444 (2004) (Access to the courts is a right guaranteed to all persons by article 1, section 3 of the California Constitution.)  Plaintiff's use of language reciting some elements of federal claims, without more, is not enough to confer federal jurisdiction.  As such, the nature of Plaintiff's Complaint on its face creates doubt as to the right of removal in the first instance.  As stated above, Plaintiff is the master of his own complaint and is free to rest his claims solely on state causes of action.  See The Fair, 228 U.S. at 25.  Based on these facts, the court finds that Plaintiff's Complaint does not present a claim arising under federal law to warrant subject matter jurisdiction, and therefore the instant action does not implicate a federal interest sufficient to sustain removal of the action to federal court.

## V. CONCLUSION AND RECOMMENDATIONS

The court finds that the federal court lacks jurisdiction over Plaintiff's Complaint and the action is not removable.  Accordingly, IT IS HEREBY RECOMMENDED that:

1. This action be remanded to the Madera County Superior Court; and
2. The Clerk be directed to close the case and serve notice of the remand.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 28, 2015**              **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE